NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOSIN ADEGBUJI,                             :
                                            :   Civil No.: 04-CV-1916 (JLL)
                    Plaintiff,              :
                                            :
        v.                                  :
                                            :   **MEMORANDUM AND ORDER**
CONTINENTAL AIRLINES, INC., et al,          :
                                            :
                    Defendants.             :
                                            :

**LINARES,** District Judge.

      This matter comes before the Court on the motion of Defendant Continental Airlines, Inc. ("Continental") for an Order granting partial summary judgment. This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, Defendant's motion shall be GRANTED, in toto.

**DISCUSSION**

      A detailed factual background of this case was set forth in this Court's February 28, 2005 Opinion, and will not be repeated here, except where necessary to provide context for the pending motion for partial summary judgment. The underlying action arises in connection with pro se Plaintiff Tosin Adegbuji's (hereinafter "Plaintiff") removal from the United States by the United States Bureau of Immigration and Customs Enforcement. In connection with the removal, on or about July 15, 2002, Continental's employees attempted to board Plaintiff onto a Continental Airlines flight from Newark Liberty International Airport to London, England. Plaintiff admits that he resisted being escorted onto the airplane. He alleges, however, that he suffered minor injuries after crew members sought to accompany him to his seat.

      On April 23, 2004, Plaintiff filed the instant action. Following a review of the Complaint pursuant to 28 U.S.C. § 1915, this Court issued an Opinion and accompanying Order both dated February 28, 2005, dismissing Plaintiff's claims alleging violations of his Fourth, Fifth and Fourteenth Amendment rights under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), as well as Plaintiff's conspiracy claim under 42 U.S.C. § 1985, his false imprisonment claim, his personal injury claim under the Warsaw

Convention[1] and his claim for intentional infliction of emotional distress.  The Court also dismissed, in its entirety, Plaintiff's Complaint against Continental's C.E.O., Gordon Bethune.

Presently, Continental moves for partial summary judgment, seeking dismissal of Plaintiff's common law negligence and assault claims.  Continental further moves for partial summary judgment limiting Plaintiff's loss of property claims with respect to the two bags allegedly checked by Plaintiff, in accordance with Article 22(2) of the Warsaw Convention.

**A.     Summary Judgment Standard**

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 138 (3d Cir. 2001).  "A 'genuine' issue is one where a reasonable jury, based on the evidence presented, could hold in the movant's favor with regard to that issue."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  When considering a motion for summary judgment, all evidence must be reviewed and all inferences drawn therefrom must be in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party files a properly supported motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact.  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 256.  "The mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence of which the jury could reasonably find for the [nonmovant]."  Id. at 252.  Furthermore, conclusory statements and arguments do not raise triable issues which preclude summary judgment.  Ridgewood Board of Educ. v. N.E., 172 F.3d 238, 252 (3d Cir. 1999).  Instead, the nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."  Anderson, 477 U.S. at 257 (citation omitted).  If the opponent fails to make a sufficient showing regarding an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted.  Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986).[2]

---

[1] Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) (reprinted in note following 49 U.S.C. § 40105).

[2] Continental correctly observes that Plaintiff's responsive papers fail to comply with the Local Civil Rules governing opposition to a motion.  L.Civ.R. 7.1 and 7.2.  However, this Court also recognizes that pro se submissions "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977) (quoting Haines v. Kerner, 404 U.S. 519, 520, reh'g denied, 405 U.S. 948

(continued...)

**B.     Preemption by the Warsaw Convention**

Continental maintains that Plaintiff's common law assault and negligence claims are preempted by the Warsaw Convention, which governs air carrier liability with respect to all international transportation. El Al Israel Airlines, Inc. v. Tseng, 525 U.S. 155, 160 (1999). The essential purpose of the Warsaw Convention is to "achiev[e] uniformity of rules governing claims arising from international air transportation." Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 552 (1991). Continental invokes Article 24 of the Convention which, as amended by Montreal Protocol No. 4,[3] provides,

> In the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention, without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

Tseng, 525 U.S. at 175. As such, state causes of action are thereby preempted when the state claims allegedly come within the scope of the Convention. Fishman v. Delta Air Lines, 132 F.3d 138 (2d Cir. 1998); see also Brandt v. American Airlines, 2000 WL 288393, *4 (N.D.Cal. Mar. 13, 2000) ("[I]f plaintiffs' claims are governed by the Convention, they may not also bring state law claims based upon the same allegations.").

Article 17 of the Warsaw Convention creates a cause of action for personal injuries resulting from an "accident ... in the course of any of the operations of embarking or disembarking." Tseng v. El Al Israel Airlines, Ltd., 919 F. Supp. 155, 157 (S.D.N.Y. 1996). That Article provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any

---

[2](...continued)
(1972)); Lewis v. Attorney Gen. of United States, 878 F.2d 714, 722 (3d Cir. 1989). As such, this Court will consider Plaintiff's argument in opposition. Nonetheless, although Plaintiff asserts that there are issues of fact that preclude summary judgment, the preemption of Plaintiff's common law claims and applicability of the Warsaw convention to Plaintiff's loss of baggage claim are legal issues to be determined by this Court.

[3]Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage By Air, signed at Warsaw on October 12, 1929, as amended by the Protocol Done at the Hague on September 8, 1955, reprinted in S. Rep. No. 105-20, pp. 21-32 (1998).

3

>of the operations of embarking or disembarking.

Id.  Under Article 17, liability for passenger injury attaches only when three conditions are satisfied: (1) there has been an "accident"; (2) a passenger has been killed, wounded or suffered bodily injury; and (3) the accident occurred while on board the aircraft or in the course of embarking or disembarking.  Eastern Airlines v. Floyd, 499 U.S. 530, 535-36 (1991).  For purposes of the instant motion, Continental concedes that Plaintiff was on an international flight.  (Br. in Supp. at 9).  However, as this Court already held in the February 2005 decision, Plaintiff's claims herein do not arise from an "accident," and as such, his claims for personal injuries are not compensable under Article 17.  (Op. at 21, Feb. 28, 2005).  Consequently, this Court concluded that Plaintiff's damages claim for personal injuries pursuant to the Warsaw Convention was dismissed for failure to state a claim.  (Id. at 22).

Turning to the facts at bar, Plaintiff's remaining claims for negligence and assault seek tort damages for personal injury.  These claims are therefore covered by Article 17 and may only be founded on the Warsaw Convention. See e.g., Fishman by Fishman v. Delta Air Lines, 132 F.3d 138 (2d Cir. 1998) (holding that negligence and intentional tort actions were within the scope of the Convention).  As the Supreme Court in Tseng noted, however, "[u]nder amended Article 24 ... the Convention's preemptive effect is clear: The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." Tseng, 525 U.S. at 159.  Here, there is no liability under the Convention.  Therefore, Plaintiff's claims for negligence and assault should be dismissed as preempted by Article 24.  Hence, Continental is granted summary judgment as to said claims.

## C.      Claims for Loss of Baggage

Continental also moves for partial summary judgment limiting Plaintiff's loss of property claims in accordance with Article 22(2) of the Warsaw Convention.  This Article provides, in relevant part:

>In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that that sum is greater than the actual value to the consignor at delivery.

Warsaw Convention, Ch. III, Art. 22(2).  The Convention limits liability for baggage to $9.07 per pound.  14 C.F.R. § 221.106(a)(1) (2002); see also Trans World Airlines, Inc. v. Franklin Mint Corp., 466 U.S. 243, 255 (1984); Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2001).  Moreover, the federally restricted limit has been set at seventy pounds.  See, e.g., Ijedinma v. Northwest Airlines, 2001 WL 803745, *3 (E.D.La. July 12, 2001); Siek v. American

<u>Airlines, Inc.</u>, 238 F. Supp. 2d 1309, 1313 (S.D.Fla. 2002) (noting, "the maximum weight for checked baggage is 70 pounds."). In light of the foregoing, partial summary judgment is granted, limiting Plaintiff's loss of property claim to $640.00 per bag.

## CONCLUSION

For the foregoing reasons, it is on this 4th day of November, 2005,

**ORDERED** that Continental's motion for partial summary judgment is hereby GRANTED as to Plaintiff's common law negligence and assault claims; and it is further

**ORDERED** that Continental's motion for partial summary judgment is also GRANTED as to Plaintiff's loss of property claim, limiting Plaintiff's loss of property claims to $640.00 in provable damages per piece of checked baggage.

This matter is CLOSED.

/s/ Jose L. Linares
DATED: November 4, 2005              UNITED STATES DISTRICT JUDGE